HONORABLE RICARDO M. URBINA, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

| UNITED STATES OF AMERICA | : | Docket No.: CR-05-0449 |
| --- | --- | --- |
| vs. | : | SSN: _____ |
| Jackson, Jeffrey | : | Disclosure Date: **February 27, 2006** |

OCT 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    _____
**Prosecuting Attorney**                                          **Date**

**For the Defendant**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  3/7/06                    _____  3-6-06
**Defendant**      **Date**                    **Defense Counsel**     **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **March 13, 2006**, to U.S. Probation Officer **Kelly Kraemer-Soares**, telephone number **(202) 565-1353**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Richard A. Houck, Jr., Chief
     United States Probation Officer



**LAW OFFICES OF**
# G. Allen Dale
A PROFESSIONAL CORPORATION

G. Allen Dale
Direct Dial Number
(202) 783-1629

601 Pennsylvania Avenue, NW
Suite 900, South Building
Washington, D.C. 20004

March 6, 2006

Kelly Kraemer-Soares
U. S. Probation Officer
U. S. Courthouse
Washington, DC 20001

    Re: Jeffrey Jackson, Cr-05-0449

Dear Ms. Kraemer-Soares:

Mr. Jackson and I have reviewed the presentence report you prepared for the Honorable Ricardo Urbina in the above-referenced case. On the whole we find the report to be factually correct and we commend you for the fair manner in which you treat Mr. Jackson. There are two factual inaccuracies in the report, one typo and one sentencing guideline issue which we wish to address.

The typo appears on page 9, at paragraph 37. Mr. Jackson's older brother spells his name "Carlton."

The first factual error we wish to address is found at page 10, paragraph 40, wherein you state that "He (defendant) fears that, as he is a recovering drug and alcohol abuser, he may resort to his "old ways" to help him cope." Neither Mr. Jackson nor I recall him making that statement when we met with you. It is possible that the person who typed your notes misunderstood them or that possibly Mr. Jackson did not state his feelings as clearly as he should have. What he and I both recall him saying was that even though he is a recovering addict, he has been clean for almost 20 years and has no fear of reverting to his old ways. As you accurately report in Paragraph 43, "when questioned as to additional substance abuse treatment, the defendant denied the need..."The mention of the need to see Dr. Nealon was for marriage counseling and to help him sort through his emotions relating to the instant offense and the subsequent legal ramifications.

The remaining factual error relates to the offense charged and because of that error there is a resultant error in guideline computations.

On page one under "offenses," on page 3 at paragraph 1, on page 7 at paragraph 20 and on page 16 at paragraph 58 you reference the charged count of conviction as False Claims under 18 USC 287. This is not accurate. Mr. Jackson entered a plea to Fraudulent Transfer of Debtor's Assets, pursuant to 18 USC 152 (7).

It is this error which causes you to award a two level increase in the offense level under USSG 2B1.1(b)(8)(B). If the crime of conviction had been False claims (18 USC 267) your addition of 2 levels would have been correct, as the fraudulent action would have been during the course of a bankruptcy. However, since the crime of conviction itself was a fraudulent transfer of the debtor's assets of a bankruptcy, there is no additional two level increase, since the crime itself is the transfer of assets in a bankruptcy. This is precisely the reason the defendant and the government did not include the two level increase in our plea negotiations, reduced to writing in the plea agreement.

• Page 2                                                                                     March 6, 2006

With this correction, the total offense level is 17 and the guideline range is 24 to 30 months.

We do want to thank you for the obvious time and effort put into the report. You have provided the court with a balanced and fair view of Mr. Jackson.

Sincerely,

*[signature]*

G. Allen Dale

GAD/yr

Cc: Dan Butler